

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER OF ABATEMENT

Appellate case name:        In the Matter of B.M.

Appellate case number:    01-18-00898-CV

Trial court case number:    18-CJV-021629

Trial court:                        County Court at Law No. 2 of Fort Bend County

Appellant, B.M., has filed a notice of appeal of the trial court's "Waiver of Jurisdiction and Order of Transfer to a Criminal District Court Pursuant to Texas Family Code Section 54.02(a)." *See* TEX. FAM. CODE ANN. §§ 54.02, 56.01(c)(1)(A). The juvenile court determined that appellant is indigent and initially appointed Brian Middleton to represent appellant on appeal. *See id.* § 56.01(d)(2), (3). Brian Middleton was elected Fort Bend County District Attorney on November 6, 2018. On December 20, 2018, we abated the appeal and remanded the case to the juvenile court to determine, in part, whether Brian Middleton should be allowed to withdraw from representing appellant in this proceeding. On remand, the trial court appointed Cary Faden "to replace Brian Middleton." We then reinstated the appeal, and Cary Faden filed a brief on appellant's behalf. Appellee's brief is now due to be filed in this Court on February 5, 2019. *See* TEX. R. APP. P. 38.6(b).

On January 22, 2019, Brian Middleton filed a motion, requesting "permission to disqualify himself and his Assistant District Attorneys from [this] case pursuant to Art. 2.07 of the Texas Code of Criminal Procedure" and "the appointment of a District Attorney Pro Tem pursuant to Article 2.07(a)." *See* TEX. CODE CRIM. PROC. ANN. art. 2.07. Alternatively, Middleton asks us to abate the case to allow the juvenile court to "entertain the request for disqualification and motion for a District Attorney Pro Tem." We **grant** the motion in part.

Accordingly, we abate the appeal and remand the case to the juvenile court for further proceedings. The juvenile court is directed to **immediately** determine the

1

"Motion for Disqualification and Appointment of Attorney Pro Tem."[1]  The trial court clerk shall file a supplemental clerk's record containing any written findings of fact and conclusions of law, and orders regarding the motion.  If a hearing is necessary, the court reporter shall filed a reporter's record of such hearing.  **The supplemental clerk's record and any reporter's record shall be filed with the Clerk of this Court no later than 14 days from the date of this order.**[2]

It is so ORDERED.

Judge's signature: /s/ Julie Countiss
☑ Acting individually ☐ Acting for the Court

Date:  __January 24, 2019___

---

[1]  A copy of the motion filed in this Court is attached to this order for the juvenile court's reference.

[2]  This Court is required to bring the appeal to final disposition within 180 days of October 3, 2018, the date the notice of appeal was filed, so far as reasonably possible.  *See* Order Accelerating Juvenile Certification Appeals and Requiring Juvenile Courts to Give Notice of the Right to an Immediate Appeal, Misc. Docket 15-9156 (Tex. Aug. 28, 2015).